# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SHANE VANDERMOLEN,                                                                                     PLAINTIFF
ADC #138394

V.                                          5:19CV00139-DPM-JTK

WENDY KELLEY., et al.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Vandermolen, a state inmate confined at the North Central Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging a due process violation with respect to a disciplinary charge and conviction he received. (Doc. No. 2) Plaintiff asks for injunctive relief in the form of restoration of good time, expungement of the disciplinary conviction, reinstatement of his prison job and termination of an employee. (Id. at p. 9)

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**I.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 557.

**II.     Facts and Analysis**

Plaintiff alleges Defendant Tolar falsely charged him with a disciplinary for placing a

telephone call from a "securus tablet" in violation of inmate rules which Plaintiff allegedly previously acknowledged in writing. (Doc. No. 2, p. 5)   Defendant Day disregarded Plaintiff's complaint over the charge and Defendant Waddle improperly found him guilty of the charge based on the statement from the charging officer. (Id., pp. 5-6) Plaintiff received a sentence of reduction in class, sixty days restriction from telephone, visitation and commissary, and ten days in punitive isolation. (Id., p. 6) Defendants Naylor and Kelley affirmed the conviction on appeal. (Id., pp. 6-7)   Plaintiff asks for expungement of the conviction, restoration of good time and other injunctive relief. (Id., p.   9)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Initially, the Court notes that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994). Due process also requires that "some evidence" support the decision, which includes "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985).  And, "[a] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary decision, if the violation is found by an impartial decision-maker." Cole v. Norris, No. 2:08CV00056-WRW, 2008 WL 4949283 (E.D.Ark.) (quoting Hartsfield v. Nichols, 411 F.3d 826, 831 (8th Cir. 2008).

In this particular case, Plaintiff stated he received a sentence of ten days in punitive and a sixty-day restriction from telephone use, commissary and visitation. He also stated that Defendant

4

Waddle accepted the charging officer's statement that Plaintiff violated an ADC rule by placing a telephone call from the tablet. He did not allege any facts to support an allegation that Waddle was impartial, only that he should not have based his decision on the officer's report. Therefore, the Court finds that by basing his decision on the charging officer's report, Defendant Waddle sufficiently complied with Due Process.

Finally, the Court finds no constitutional violation with respect to the punishment imposed on Plaintiff. In Sandin v. Connor, the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. 515 U.S. 472, 484 (1995). Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.  Following Sandin, the United States Court of Appeals for the Eighth Circuit Court held that an inmate's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" Kennedy v. Blankenship, 100 F.3d 640, 642 (1996). The Court did not consider Kennedy's placement in punitive isolation as an atypical and significant event, even though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions.  Furthermore, in Phillips v. Norris, the Court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship, stating, "[w]e have consistently held that a demotion to segregation, even without cause,  is not itself an atypical and significant hardship."  320 F.3d 844, 847 (8th Cir. 2003).  Therefore, Plaintiff's sentence of

ten days in punitive isolation and privilege restrictions do not support a finding of an atypical and significant deprivation.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim.

2.  Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.  The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 18th day of April, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

6